STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 17-999


HEATHER DUPUIS

VERSUS

AVOYELLES PARISH CORRECTIONAL CENTER



**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF AVOYELLES, NO. 17-02842
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Candyce G. Perret, Judges.


APPEAL DISMISSED.
MOTION TO CONVERT APPEAL TO A WRIT GRANTED AND WRIT
CONSOLIDATED WITH DOCKET NUMBER 17-1079.
PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES DEFERRED.


Randall C. Joy
The Joy Law Firm
1070-B West Causeway Approach
Mandeville, Louisiana 70471
(985) 246-3197
COUNSEL FOR PLAINTIFF/APPELLEE:
    Heather Dupuis

**Donald Guidry, Jr.**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Post Office Box 1710**
**Alexandria, Louisiana 71309**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **State of Louisiana through the Avoyelles Parish Correctional Center**

**SAUNDERS**, Judge.

This court issued, *sua sponte*, a rule ordering the Defendant-Appellant, the State of Louisiana through the Avoyelles Parish Correctional Center, to show cause, by brief only, why the appeal in this case should not be dismissed for having been taken from a non-appealable, interlocutory judgment. For the reasons assigned, we hereby dismiss the appeal, but convert the appeal into an application for supervisory writ and consolidate this matter with the pending writ application bearing this court's docket number 17-1079.

This case involves a workers' compensation action which was filed by Plaintiff, Heather Dupuis. During the course and scope of her employment with Avoyelles Correctional Center, Plaintiff was allegedly verbally abused and physically threatened by the warden, Nate Cain, on September 10, 2015. As a result of that incident, Plaintiff allegedly suffered anxiety, depression and increased blood pressure problems. Plaintiff began treating with her primary care physician, Dr. Lawrence Schneider, who diagnosed her with post-traumatic stress disorder on September 19, 2016.

On May 11, 2017, Plaintiff filed a Disputed Claim for Compensation Form LDOL-WC 1008 in the workers' compensation court. Defendant filed an exception of prescription asserting that Plaintiff's claim is prescribed under La.R.S. 23:1209(A)(1) because it was filed more than a year after the work-related incident. In opposition to the exception of prescription, Plaintiff argues that pursuant to La.R.S. 23:1209(A)(3), her workers' compensation claim was timely-filed because it was filed within one year of her initial diagnosis of a post-traumatic stress disorder and less than three years after the work-related incident.

Following a hearing held on August 21, 2017, the workers' compensation court denied Defendant's exception of prescription. A judgment to that effect was signed on September 11, 2017, and the notice of judgment was mailed on that same date. On September 13, 2017, Defendant filed a motion for appeal, and the order of appeal was signed on that same date. The instant appeal record was lodged in this court on October 26, 2017.

The September 11, 2017 judgment which is at issue in the instant appeal denies an exception of prescription. Because the judgment does not decide the merits of this case, it is interlocutory. La.Code Civ.P. art. 1841. On November 20, 2017, Defendant filed a response to this court's rule to show cause why the appeal should not be dismissed for having been taken from a non-appealable, interlocutory judgment. We note that Defendant does not dispute the fact that the September 11, 2017 judgment is an interlocutory judgment. Rather, Defendant moves to have this court convert the instant appeal to an application for supervisory writ.

However, we note that on November 21, 2017, Defendant filed with this court an application for supervisory writs, which was assigned this court's docket number 17-1079. By that writ application, Defendant seeks review of the same judgment that is at issue in the instant appeal. Thus, although we must dismiss the instant appeal, in the interest of justice, we deem motion and order for appeal in this matter to be timely request for the setting of a return date for the filing of a writ application. Therefore, we convert the instant matter into an application for supervisory writ and order this matter consolidated with this court's docket number 17-1079. Additionally, we note that Plaintiff has filed an answer to the appeal

2

wherein she raises the sole issue of her entitlement to attorney's fees for work performed in connection with the appeal. However, as stated above, the judgment at issue will be reviewed via an application for supervisory writ, rather than via an appeal. Therefore, we hereby defer Plaintiff's request for attorney's fees to the merits of the writ application filed under this court's docket number 17-1079.

For the foregoing reasons, the instant appeal is hereby dismissed, converted into an application for supervisory writ, and consolidated with this court's docket number 17-1079.

APPEAL DISMISSED.
**MOTION TO CONVERT APPEAL TO A WRIT GRANTED AND WRIT CONSOLIDATED WITH DOCKET NUMBER 17-1079.**
**PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES DEFERRED.**

3